IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FREDDIE B. WALKER, #159 866, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 1:12-CV-619-WHA |
| | ) | [WO] |
| WARDEN JONES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Freddie Walker, on July 17, 2012.[1]  In this petition, as amended, Petitioner challenges his convictions for first degree rape, first degree sodomy, and first degree kidnapping entered against him by the Circuit Court for Houston County, Alabama, on October 2, 2002. The trial court sentenced Petitioner on November 6, 2002, to a forty year term of imprisonment for each offense to run consecutively.  Petitioner filed a direct appeal. On December 4, 2002, on motion of Petitioner, the Alabama Court of Criminal Appeals dismissed the appeal. *Doc. No. 6, Exh. C*.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. §

---

[1] Although the present petition was stamped "filed" in this court on July 19, 2012, the petition was signed by Petitioner on July 17, 2012.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Walker] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers July 17, 2012 as the date of filing.

1

2254 petitions. See 28 U.S.C. § 2244(d)(1). Respondents contend that because Petitioner's convictions became final in 2002- after the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of these convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents acknowledge that Petitioner filed his first Rule 32 petition with the trial court on January 5, 2004. They maintain, however, that the petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was, therefore, not pending as required by 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Based on Respondents' answer, the court entered an order advising Petitioner he had failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Doc. No. 7*. The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. *Id*. Petitioner filed a response. *See Doc. Nos. 8, 9, 10*. Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## II. DISCUSSION

*A. Actual Innocence- Independent Claim*

Petitioner argues he is entitled to federal habeas relief because he is actually innocent of his convictions and should not have received the sentence he did. *Doc. No. 1*. The law is well settled "that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation

occurring in the underlying state criminal proceeding.' *Herrera v. Collins*, 506 U.S. 390, 400 (1993).  It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial.  'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.' *Id.*"  *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).  Thus, Petitioner is entitled to no relief on his independent claim of actual innocence.

B.  *Actual Innocence - Gateway to Excuse Time Bar*

This court must determine whether Petitioner has made a showing of actual innocence before addressing Respondents' assertion that the claims for federal habeas relief are barred by the statute of limitations.  *See McQuiggin v. Perkins*, ___ U.S. ____, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations.");  *Johnson v. Fla. Dep't. of Corr.*, 513 F.3d 1328, 1333 (11th Cir. 2008);  *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).  "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.'  *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)."  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case."  *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006).  Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims."  *Id*. at 537.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal

insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley,* 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2d Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

To support his claim he is actually innocent of his convictions and his innocence serves as a "gateway" through which this court may consider his claims otherwise barred by the one-year limitation period, Petitioner alleges he engaged the victim in consensual sex and medical records were withheld from the jury's consideration. *Doc. No. 1*. Petitioner asserts only his own self-serving, conclusory allegation he is actually innocent of the crimes for which he was convicted. His arguments, which attempt to assert a challenge to the State's failure to prove the essential elements of one or more of the offenses for which he was convicted, merely go to the sufficiency of the evidence presented at trial, issues decided adversely to Petitioner by a jury, and fail to establish Petitioner's actual innocence of first degree rape, first degree sodomy, and first degree kidnapping. *See Bousley*, 523 U.S. at 622.

Petitioner's assertions do not constitute "new reliable evidence" of his actual innocence nor has he demonstrated that any such evidence exists to establish his actual innocence to meet the standard set forth by *Schlup*. Because Petitioner has failed to demonstrate his actual

4

innocence, the court finds that the instant petition for writ of habeas corpus is properly analyzed under 28 U.S.C. § 2244(d)(1)(A).

C. *The Federal Period of Limitation*

Federal habeas corpus petitions filed under 28 U.S.C. § 2244(d) are subject to a one-year period of limitation. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. Petitioner was convicted of first degree rape, first degree sodomy, and first degree kidnapping in the Circuit Court for Houston County, Alabama, on October 2, 2002. On November 6, 2002 the trial court sentenced Petitioner to forty years imprisonment on each offense to run consecutively.[2] Petitioner appealed his convictions and sentence but subsequently

---

[2] Although the Alabama Court of Criminal Appeals, in its September 22, 2006, opinion affirming the denial of Petitioner's third Rule 32 petition, references December 6, 2002, as the date Petitioner was sentenced (*see Doc. No. 6, Exh. C* at 1), information maintained by the Alabama Department of

requested that his appeal be dismissed. The appellate court granted the motion for voluntary dismissal of the appeal on December 4, 2002. *Doc. No. 6, Exh. C. See also Walker v. State*, 876 So.2d 552 (Ala. Crim. App.) (table). Petitioner's convictions became final no later than December 4, 2002, when his direct appeal was dismissed upon his own motion.[3]  *See Westmoreland v. Hetzell*, 840 F. Supp.2d 1275, 1278-1279 (N.D. Ala. 2011) ("This court is convinced that the logical result is that petitioner is not entitled to an additional 90–day period to seek *certiorari* because he voluntarily dismissed his appeal and waived any legal basis for seeking review by the Supreme Court."). The one-year period of limitation in section

---

Corrections indicating that Petitioner was sentenced for his October 2002 convictions on November 6, 2002, appears logically correct in relation to the date the appellate court dismissed his appeal. *Available at http://www.doc.state.al.us/InmateHistory.aspx*. Further, in the same opinion, the Court of Criminal Appeals noted that Petitioner's motion to dismiss his direct appeal was dated November 27, 2002. *Doc. No. 6, Exh. C* at 3.

[3] On appeal from the denial of his third Rule 32 petition, the Alabama Court of Criminal Appeals addressed Petitioner's claim regarding the dismissal of his direct appeal:

> [Petitioner's] first issue regarding failure to appeal [[Petitioner's failure to appeal within the prescribed time was without fault on his part] falls more properly under issue 7 regarding ineffective assistance of counsel. [Issue 1] is misstated because, as noted above, notice of appeal was given to this Court but later dismissed on [Petitioner's] own motion. However, he claims that the letter he signed dismissing his appeal was not done voluntarily or knowingly. His motion to dismiss appeal dated and signed by him on November 27, 2002, contains the following statements:
>
>> "2. That the Defendant has had time to consider his options and now desires to withdraw his notice of appeal.
>>
>> 3. That the Defendant makes this motion of his own free will and has in no way been pressured or coerced into filing said motion."
>
> It has long been the routine practice of this Court to require that a motion to dismiss an appeal be signed by the appellant to insure that he is aware of this action and that it is his intention to dismiss the appeal. By signing the motion to dismiss his appeal, [Petitioner] gave this assurance to this Court, and he cannot come back at this 1ate date and infer that the dismissal of his appeal was involuntary. This claim is meritless and was properly summarily dismissed by the trial court.

Doc. No. 6, Exh. C at 3-4.

6

2244(d)(1)(A), therefore, began to run on this date and ran uninterrupted until the limitation period expired on December 4, 2003.

    *i. Statutory Tolling*

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Petitioner filed a Rule 32 petition, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period. "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster*, 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). It is, therefore, clear that the first state post-conviction petition filed by Petitioner on January 5, 2004, was filed *after* the limitation period had already expired, and thus, had no effect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259. See Doc. No. 6, Exhs. A, N.

    *ii. Equitable Tolling*

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (limitation period "may

be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002).  The diligence required is "reasonable diligence," not "maximum feasible diligence," *see Holland*, 560 U.S. at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).  "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, 163 F.3d 530 (9th Cir. 1998). Such tolling applies only in truly extraordinary circumstances. *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id.*; *see Helton v. Secretary  for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001).

The court granted Petitioner an opportunity to show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period prescribed by 28

U.S.C. § 2244(d)(1). To the extent Petitioner seeks equitable tolling due to: (i) his limited legal knowledge and resulting lack of notice of the federal limitation period; (ii) lack of access to appropriate state legal material; (iii) lack of trial court documents, records, and trial transcripts; and (iv) his mental health, he is entitled to no relief as none of these arguments warrants equitable tolling of the one-year period of limitation. *See Doc. Nos. 8, 9, 10*.

Petitioner argues as grounds for equitable tolling that during an unspecified time during his incarceration he was transferred to an out-of-state prison which lacked legal resources regarding Alabama law and that he is uneducated and ignorant of the law but diligently pursued post-conviction remedies after receiving assistance from other inmates. *Doc. No. 9* at 7, *Doc. No. 10* at 1-3. A petitioner's *pro se* status, ignorance of the law, and lack of access to legal material and resources, however, are insufficient grounds on which to toll the limitation period. *See Paulcin v. McDonough,* 259 Fed. App'x 211, 213 (11th Cir. 2007) (finding equitable tolling not warranted where petitioner alleged that he was denied access to the law library and his legal records, but failed to show "how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding"); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (equitable tolling not warranted to prisoner claiming he lacked access to federal statutes and case law); *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (ignorance of the law is insufficient rationale for equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.1999) (neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000) (same).

Petitioner also alleges as a basis for equitable tolling that he had no copy of his trial transcript or other "meaningful" court documents.[4] *Doc. No. 9* at 7. Even if Petitioner was not in possession of his trial transcript to initiate a post-conviction petition, he has failed to set forth any "extraordinary circumstances" which prevented filing a timely habeas petition. *See Lloyd v. Van Natta*, 296 F.3d 630, 634 (7th Cir. 2002) (delay in obtaining transcript no basis for equitable tolling of one-year limitation period); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) ("Possession of a transcript, however, is not a condition precedent to the filing of [a petition for post-conviction relief];" *Pacheco v. Artuz*, 193 F. Supp.2d 756, 760 (S.D. N.Y.2002) (the § 2244(d)(1)(D) time bar runs " 'from the date a petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim.' "); *Brown v. Cain*, 112 F.Supp.2d 585, 587 (E.D. La. 2000) (transcript unnecessary to prepare habeas petition). Petitioner's lack of access to his trial transcript establishes no extraordinary circumstance sufficient to justify equitable tolling.

Petitioner appears to claim that the limitation period should be tolled because of his mental health.[5] *Doc. No. 9* at 7, 9. Such claim, however, is unavailing. A conclusory claim that a petitioner's mental health contributed to his failure to file a timely federal habeas corpus claim does not justify the equitable tolling of the limitation period. *See Lawrence v. Florida*, 421 F.3d 1221, 1227 (11th Cir. 2005) (claim made in "initial pleading . . . that [Petitioner] has suffered from mental impairments his entire life . . ., without more, is insufficient to justify equitable tolling"), *aff'd*, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007); *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001) ("mere allegations of incompetency ... do not suffice" to justify

---

[4] To the extent Petitioner asserts as a basis for equitable tolling Respondents' failure to submit with their answer certified copies of his indictment, plea, and judgment, *Doc. No. 9* at 2, such claim in no way explains how he was prevented from filing a timely federal habeas petition.

[5] Petitioner makes conclusory references to having a "mental defect" for which he was prescribed "Proziac" [sic] and to being mentally ill. *See Doc. No. 9* at 7, 9.

equitable tolling of limitation period and "does not require a hearing on the issue of time-bar or equitable tolling"). A habeas petitioner must allege more than "the mere existence of physical or mental ailments" to invoke the equitable tolling of the limitation period. *See Rhodes v. Senkowski*, 82 F. Supp.2d 160, 173 (S.D.N.Y. 2000). A habeas petitioner has the burden of showing that mental health problems rendered him or her unable to file a habeas petition during the one year limitations period. *Id*. While mental illness may support equitable tolling under some circumstances, *see Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (*en banc*), *overruled in part on other grounds by Woodford v. Garceau*, 538 U.S. 202, (2003), the court finds those circumstances have not been shown in this case. Assuming the truth of Petitioner's allegation that he has a history of mental health problems and/or is mentally slow, (*see Doc. No. 1* at 7, *Doc. No. 9* at 7, 9), this is insufficient to demonstrate that he is actually mentally incompetent. *See Furr v. Robinson*, 2000 WL 152147, at *2 (E.D. Va. 2000) (denying equitable tolling where the petitioner, while able to demonstrate that his mental abilities were below average, had "not shown that his fifth grade educational abilities render[ed] him incompetent from a legal standpoint."), *appeal dismissed*, 215 F.3d 1318 (4th Cir. 2000). Nothing in the record supports a finding that Petitioner's mental condition made it impossible for him to file his federal petition on time. The record reflects that Petitioner's alleged mental shortcomings did not prevent him from filing numerous post-conviction petitions between 2004 and 2009. *Doc. No. 6* at 2-7, *Exhs. A, B, I, F, N*. *See, e.g., Braham v. State Ins. Fund*, 1999 WL 14011 at *4 (S.D.N.Y. 1999) (filing of other lawsuit during alleged incompetency period demonstrated plaintiff was capable of pursuing her legal rights). The court concludes that Petitioner fails to show how the mental health problems he claims he suffers from rendered him incapable of filing his habeas petition during the one year limitations period and, therefore, he

11

has failed to meet his burden of establishing a basis for equitably tolling the statute. *See e.g., O'Connor v. North Am. Phillips Lighting Corp.*, 1989 WL 118224 at *5 (N.D. Ill. 1989) ("The plaintiff's evidence of depression and mental incapacity is thus vague and undocumented. As such, it is legally insufficient to toll the statutory filing period. . . ."). To the extent Petitioner may be heard to argue that his mental health contributed to some delay in filing his state post-conviction petitions, and possibly in filing his federal habeas petition, he has not attempted to explain how his mental shortcomings prevented him from seeking federal collateral relief for over eleven years after the one-year limitation period had expired. Petitioner is not entitled to have the limitation period equitably tolled on this basis.

Finally, to the extent Petitioner appears to argue that equitable tolling should apply because the court should consider his post-conviction proceedings as one continuous process and because he had to exhaust state remedies prior to filing a federal habeas petition, *see Doc. No. 9* at 9, such assertion is unavailing. As explained, Petitioner filed his first post-conviction petition after the limitation period under 28 U.S.C. § 2244(d) has already expired. Filing a state post-conviction petition does not restart the one-year limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y.1998)).

Neither Petitioner's grounds for relief nor any other allegations in the record suggest a basis for tolling the one-year limitation period. The reasons set forth by Petitioner for his untimeliness are insufficient to establish the extraordinary circumstances required to toll the limitation period. The factual predicate of the claims were available to Petitioner at the time of

his convictions and sentence. Further, the claims in this petition are not based on a newly recognized constitutional right.

There is no evidence in the record showing that Petitioner' delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence.  Petitioner presents nothing which demonstrates that he acted diligently in pursuing his federal claims.  This court "cannot say that [Petitioner] has acted with the conscience, good faith, and reasonable diligence necessary to call into action the powers of the court.  This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5 (internal quotations omitted). Consequently, the undersigned finds there is no basis on which to extend the one-year deadline and that Petitioner has not demonstrated that his claims should otherwise be subject to equitable tolling. *See Sandvik*, 177 F.3d at 1271.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Freddie Walker be DENIED as it was not filed within the period of limitation established by applicable federal law; and

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that **on or before July 6, 2015**, the parties may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections

will not be considered by the District Court. The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 16th day of June 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE